J-S01043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| AKEEM GRAHAM | |
| Appellant | No. 3109 EDA 2014 |

Appeal from the Judgment of Sentence June 6, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002343-2014

BEFORE:  GANTMAN, P.J., MUNDY, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED JANUARY 13, 2016**

Appellant, Akeem Graham, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his bench trial conviction for criminal trespass.[1]  We affirm.

The relevant facts and procedural history of this case are as follows. On January 28, 2014, Philadelphia Police Officers Schmidt and Latorre responded to a report of a burglary in progress at 5648 Pentridge Street. Upon arrival, Officer Schmidt heard voices and the sound of metal hitting concrete coming from the basement of the vacant home.  He announced himself as a police officer as he entered the basement, at which time he saw Appellant and another male flee from the property.  Officer Schmidt reported

---

[1] 18 Pa.C.S.A. § 3503 (a)(1)(ii).

over the police radio that two men were running away from the building and stated one suspect was wearing a gray hoodie. The officer recovered a crowbar, bolt cutters, and several cut copper pipes from the basement. Meanwhile, Officer Latorre observed Appellant running from the building and apprehended him after a short pursuit. Appellant wore a blue sweatshirt and blue jeans. After Officer Latorre apprehended Appellant, Officer Schmidt identified Appellant as one of the men he had seen in the basement.

The real estate manager of the property testified he conducted a weekly inspection of the home to ensure it remained locked and secure. When he visited the property the day before Appellant's arrest, both doors to the home were locked. Following the incident, the manager visited the property and observed that someone had forced open the back door and that copper piping in the basement was disconnected.

On March 10, 2014, the Commonwealth filed a criminal information charging Appellant with multiple offenses, including criminal trespass. Following a bench trial on May 29, 2014, the court convicted Appellant of criminal trespass and acquitted him of all other charges. The court sentenced Appellant to two years' probation, on June 6, 2014. Appellant timely filed a post-sentence motion on June 13, 2014. On October 14, 2014, the motion was denied by operation of law. Appellant filed a notice of appeal on November 4, 2014. The court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b)

on November 6, 2014, and Appellant timely complied.

Appellant raises the following issue for our review:

WAS NOT THE VERDICT AGAINST THE WEIGHT OF THE EVIDENCE WHERE THE NUMBER AND DEGREE OF INCONSISTENCIES IN THE OFFICERS' TESTIMONY CAST SUCH SERIOUS DOUBT UPON THE VALIDITY OF THE DEFENDANT'S CONVICTION THAT HIS CONVICTION SHOCKS THE CONSCIENCE?

(Appellant's Brief at 3).

Appellant argues Officer Schmidt's communications over his police radio failed to show he was actually in the basement at the same time as the two suspects. Appellant contends Officer Schmidt's radio transmission giving a description of one of the suspects contradicted his later testimony that he saw Appellant fleeing the property. Appellant maintains Officer Schmidt's only description over the radio was of a man wearing a gray hoodie, and Appellant was wearing a blue sweatshirt and blue jeans when Officer Latorre arrested him. Appellant also claims Officer Latorre gave inconsistent testimony about his location during the incident and could not have seen two men fleeing the property from that position. Appellant avers Officer Latorre lost eye contact with the suspect he was chasing and mistakenly arrested Appellant instead. Appellant asserts his arrest occurred as he was returning to his home, located on the same block where Officer Latorre stopped him. Appellant concludes the officers' testimony at trial was so riddled with inconsistencies as to be against the weight of the evidence. We disagree.

The following principles apply to our review of a weight of the evidence claim:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the…verdict if it is so contrary to the evidence as to shock one's sense of justice.
>
> *Commonwealth v. Small*, 559 Pa. 423, [435,] 741 A.2d 666, 672-73 (1999). Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Champney*, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (most internal citations omitted). "A weight of the evidence claim concedes that the evidence is sufficient to sustain the verdict, but seeks a new trial on the ground that the evidence was so one-sided or so weighted in favor of acquittal that a guilty verdict shocks one's sense of justice." *Commonwealth v. Lyons*, 622 Pa. 91, 116, 79 A.3d 1053, 1067 (2013), *cert. denied*, 134 S.Ct. 1792, 188 L.Ed.2d 761 (2014).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Daniel D. McCaffery, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question

presented. (*See* Trial Court Opinion, filed April 15, 2015, at 6-7) (finding: officers responded immediately to radio call of burglary in progress; officers saw two men inside residence flee when they became aware of police presence; pursuing officer maintained sight of Appellant from time Appellant fled building until officer apprehended him; undisputed evidence showed break-in occurred on premises, and Appellant did not have permission to be inside building; minor inconsistencies between officers' testimony at trial and content of radio broadcasts were *de minimis*, where court found credible officers' testimony that Appellant was individual who fled property; conviction on charge of criminal trespass was not so contrary to weight of evidence as to shock conscience of court, and record supports court's finding of Appellant's guilt). Based on the foregoing, we see no abuse of discretion in the trial court's assessment of Appellant's weight of the evidence claim. *See Lyons, supra*; *Champney, supra*. Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/13/2016

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION-CRIMINAL SECTION

COMMONWEALTH OF PENNSYLVANIA    : PHILADELPHIA COURT
                                     : OF COMMON PLEAS
                                     : CRIMINAL TRIAL DIVISION
                                     :
             v.                         : CP-51-CR-0002343-2014
                                     :

CP-51-CR-0002343-2014 Comm. v. Graham, Akeem
Opinion

AKEEM GRAHAM



7281974351

OPINION

FILED

APR 1 5 2015

Criminal Appeals Unit
First Judicial District of PA

## MCCAFFERY, J

Akeem Graham (hereinafter "Appellant") appeals from the judgment of sentence imposed by this Court on June 6, 2014. For the reasons set forth below it is suggested that the judgment of sentence be affirmed.

## PROCEDURAL HISTORY

On May 29, 2014, following a waiver trial before this Court, Appellant was found guilty of Criminal Trespass, 18 Pa.C.S § 3503, graded as a felony of the second degree. On June 6, 2014, this Court imposed a sentence of two years' probation. (N.T. 6/6/14, 5). Following the imposition of sentence, Appellant filed post-sentence motions, which were denied by operation of law on October 14, 2014. Appellant thereafter filed a timely notice of appeal and a court ordered Pa.R.A.P. 1925(b) statement. In his 1925(b) statement, Appellant asserts that the evidence was insufficient to support the verdict because the Commonwealth did not prove beyond a reasonable, doubt that Appellant broke into the building in which he trespassed. In addition, he challenges the verdict on weight of the evidence grounds.

## FACTUAL HISTORY

On January 28, 2014, at about 4:45 p.m., Philadelphia Police Officer Michael Schmidt and his partner, Police Officer Franklin Latorre, were on routine patrol when they received a radio call directing them to 5648 Pentridge Street to investigate a report of a burglary. (N.T. 5/29/14, 9-10). Upon arrival, Officer Schmidt exited his patrol car and approached the front door of the vacant residence. His partner proceeded to the rear of the property. (N.T. 5/29/14, 10). Officer Schmidt entered the property and, as he did so, heard two voices and what sounded like metal hitting concrete coming from the basement. (N.T. 5/29/14, 10-11).

Officer Schmidt proceeded to the basement and announced himself as a police officer at which time he observed Appellant and another male fleeing out of the rear of the property. (N.T. 5/29/14, 11-12). Officer Schmidt reported over police radio that a black wearing blue jeans and a blue sweatshirt was fleeing the property. (N.T. 5/29/14, 12-13).[1] Officer Schmidt then recovered a crow bar and two bolt cutters and observed that several copper pipes in the basement had been cut. (N.T. 5/29/14, 13).

When Appellant fled the basement, Officer Latorre, who was inside his police car in the rear of the property, observed Appellant fleeing the property. After a short pursuit, he apprehended him in the 5600 block of Ridgeway Avenue. (N.T. 5/29/14, 13-14, 24, 28).[2] After Appellant was apprehended, Officer Schmidt identified Appellant as the male he saw in the basement. (N.T. 5/29/14, 14). According to Officer Latorre, Appellant and the other male were the only persons he observed fleeing the property. (N.T. 5/29/14, 24).

---

[1] During the trial, the radio tape of Officer Schimdt's broadcast was played and it only described a male in a gray hooded sweatshirt. (N.T. 5/29/14, 21, 36-37).
[2] After the two men fled from the property, they split up and officer Latorre chose to pursue Appellant. (N.T. 5/29/14, 25). The officer testified that he did not lose sight of Appellant during the pursuit. (N.T. 5/29/14, 25, 29).

2

Mr. Arthur Urbany-Wood, the proprietor of a real estate business testified that he managed 5648 Pentridge Street for Fannie Mae and the Federal National Mortgage Association. (N.T. 5/29/14, 39). Urbany-Wood's business duties include a weekly inspection of 5648 Pentridge Street to ensure that it was locked and secure. (N.T. 5/29/14, 39-40). The weekly inspection occurred the day before Appellant's arrest and the inspection revealed that both the front and rear doors were locked and the property was secure. (N.T. 5/29/14, 41).

Following the incident, Mr. Urbany-Wood visited the property and observed that the rear door had been forced open and the copper piping in the basement had been disconnected. (N.T. 5/29/14, 42). According to Mr. Urbany-Wood, Appellant did not have permission to enter the property. (N.T. 5/29/14, 43).

## DISCUSSION

In his 1925(b) statement, appellant raises the following claims:

1.  THE EVIDENCE WAS INSUFFICIENT TO FIND THE DEFENDANT GUILTY BEYOND A REASONABLE DOUBT OF THE OFFENSE OF CRIMINAL TRESPASS GRADED AS A FELONY OF THE SECOND DEGREE.

2.  THE VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE.

In his first claim, Appellant asserts that the evidence was insufficient to establish the crime of Criminal Trespass graded as a felony of the second degree because the evidence failed to prove beyond a reasonable doubt that he broke into the residence located at 5648 Pentridge Street. In ruling upon claims challenging the sufficiency of the evidence, the reviewing court must view all the evidence and reasonable inferences therefrom in a light most favorable to the Commonwealth as verdict winner and determine whether the evidence enabled the fact-finder to find that all of the elements of the offense were established beyond a reasonable doubt.

3

Commonwealth v. Holley, 945 A.2d 241, 246-247 (Pa. Super. 2008), appeal denied, 598 Pa. 787, 959 A.2d 928 (2008). Moreover, when reviewing the sufficiency of the evidence, the reviewing court may not substitute its judgment for that of the fact-finder, which can believe all, some, or none of a witness's testimony. If the record contains support for a conviction, it may not be disturbed. Id. at 247. Finally, the "Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact-finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." Commonwealth v. Stokes, 38 A.3d 846, 853 (Pa. Super. 2011) (quoting Commonwealth v. Mobley, 14 A.3d 887, 889-890 (Pa. Super. 2011)).

Section 3503(a)(1)(ii), of the Crimes Code states that a person commits an offense if he breaks into any building or occupied structure. The section defines "breaks into" as "to gain entry by force, breaking, intimidation, unauthorized opening of locks, or through an opening not designed for human access." 18 Pa.C.S. § 3503(a)(3). Subsection (a) (2) of 18 Pa.C.S.A. § 3503 indicates that violation of Subsection (a)(1)(ii) requires that the crime be graded as a second-degree felony. 18 Pa.C.S. § 3503(a)(2).

Although there was no direct evidence presented that Appellant broke into the residence, the circumstantial evidence presented and the inferences arising therefrom overwhelmingly establish that Appellant broke into the residence in violation of Section 3503(a)(1)(ii). It is well established that the Commonwealth is entitled to all reasonable inferences arising out of evidence presented. Commonwealth v. Lynch, 72 A.3d 706, 707-08 (Pa. Super. 2013). In this case, police received a report that a burglary was in progress at 5648 Pentridge Street. (N.T. 5/29/14, 9-10). Upon arrival, the officers found Appellant and another male in the basement in

4

close proximity to bolt cutters and copper piping that was in the process of being removed. (N.T. 5/29/14, 13). When the officer announced his presence, Appellant and the other male fled, actions that establish consciousness of guilt. Commonwealth v. Hudson, 955 A.2d 1031 (Pa. Super. 2008).

In addition thereto, the Commonwealth presented undisputed evidence that the property in question was owned by a governmental agency and was being managed by a real estate company, that regularly checked the property to make sure that it was sealed and secure. (N.T. 5/29/14, 39). One such inspection occurred the day prior to the incident which revealed the building was locked and secure. (N.T. 5/29/14, 41). In addition, the evidence clearly established that someone forced open the rear door to property in order to gain entry. (N.T. 5/29/14, 42).

Given Appellant's presence in the house contemporaneously with the burglary report, the sound of metal hitting concrete, the discovery of tools and copper pipes, coupled with his flight from police, this fact-finder properly inferred from the evidence that Appellant was criminally responsible for breaking into the property. See Commonwealth v. Cimaszewski, 288 A.2d 805 (Pa. 1972) (holding that evidence was sufficient to support burglary conviction where following report of a burglary, defendant observed fleeing site of burglary); Commonwealth v. Viall, 420 A.2d 710 (Pa. Super. 1980) (burglary conviction sustained where defendant fled after being observed at site of burglary by police).[3] The circumstances presented herein, together with the reasonable inferences to be drawn therefrom, allow this Court, sitting as fact-finder, to conclude beyond a reasonable doubt that Appellant broke into the house in violation of Section 3503(a)(1)(ii). Hence, it suggested that the Honorable Court find that Appellant's sufficiency claim lacks merit.

---

[3] While these cases involve burglaries the rationale announced therein regarding reasonable inferences and the entry of a structure apply to the case at bar. See Commonwealth v. Giddings, 686 A.2d 6, 8 (Pa. Super. 1996) (stating that the entry requirement of criminal trespass is same as that of burglary).

In his second and final issue, Appellant contends that the verdict was against the weight of the evidence. In support of this claim appellant argues the verdict shocks the conscience because the testimony of the two police officers was contradictory. It is suggested that relief be denied with respect to this claim.

When reviewing a challenge to the weight of the evidence, the following standard applies:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, "the role of the trial judge is to determine that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.'" It has often been stated that "a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.

Commonwealth v. Clay, 64 A.3d 1049, 1054 (Pa. 2013) (internal citations omitted).

A review of the record herein supports this Court's order denying Appellant's post-sentence claim. The verdict did not shock the conscience. Upon receiving a radio call of a burglary in progress, two police officers immediately proceeded to the address. Upon arrival, they encountered Appellant and another male inside the residence. Both men fled upon becoming aware of the police. Appellant was pursued for approximately one block before he stopped running and was apprehended. This Court found credible the officers' testimony that Appellant was the person who fled the property. The pursuing officer never lost sight of the Appellant as he fled the building. It was undisputed that Appellant did not have permission to be

6

inside the building and that the property had been broken into. Thus, it was clear to this Court that the verdict did not shock the conscience.

Granted, there were minor inconsistencies in the officers' testimony when compared to the content of the radio broadcasts. However, in this Court's view, sitting as fact-finder, the inconsistencies were de minimus and did not affect this Court's assessment of the officer's credibility especially given that it was clear that Appellant and his cohort were removing pipes from the basement and that they both fled upon becoming aware of the presence of the police.

Accordingly, it is respectfully suggested that the Honorable Court rule that this Court did not commit an abuse of discretion by denying Appellant's post-sentence motion challenging the verdict on weight of the evidence grounds.

## CONCLUSION

Based on the foregoing, it is respectfully suggested that the judgment of sentence be affirmed.

BY THE COURT,

Date: 4/15/15

Daniel D. McCaffery, J.

7